# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MYRON D. WATKINS,

        Petitioner,

v.                                              Case No. 10-12025

GREG McQUIGGIN,

        Respondent.
                                          /

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Myron Watkins, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Michael Skinner, Petitioner challenges his convictions for four counts of first-degree criminal sexual conduct,[1] and four counts of second-degree criminal sexual conduct.[2] Petitioner has also asked the court to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust an ineffective assistance of counsel claim that was not raised in his direct appeal. For the reasons stated below, the Court will hold the petition in abeyance under the terms outlined below to permit Petitioner to complete his post-conviction proceedings in the state courts. The Court will also administratively close the case.

---

[1] Mich. Comp. Laws § 750.520b; Mich. Stat. Ann. 28.788(2).

[2] Mich. Comp. Laws § 750.520c; Mich. Stat. Ann. 28.788(3).

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Livingston County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Watkins,* No. 264957 (Mich. Ct. App. December 19, 2006); *leave to appeal denied* 731 N. W. 2d 729 (Mich. 2007).

Petitioner subsequently filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, which was denied by the trial court. *People v. Watkins*, No. 04-14377; 04-14378 (Livingston County Cir. Ct., March 2, 2009). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Watkins,* No. 296607 (Mich. Ct. App. March 31, 2010). Petitioner indicates in his petition that he plans on filing an application for leave to appeal with the Michigan Supreme Court.

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks relief on the following grounds: (1) prosecutorial misconduct; and (2) ineffective assistance of counsel.

## II. DISCUSSION

Petitioner asks this court to hold his petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust his second claim, which was not presented to the Michigan appellate courts as part of the direct review process.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death

2

Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004) (*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner's second claim is unexhausted because Petitioner has yet to appeal the denial of his post-conviction motion to the Michigan Supreme Court. Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See, e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. *See Cox v. Cardwell*, 464 F.2d 639, 644-45 (6th Cir. 1972).

The Court will grant Petitioner's request to hold the petition in abeyance while he returns to the state courts to exhaust his second claim. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Briganol*, 300 F.3d 717, 720-21 (6th Cir. 2002). The

United States Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court. Petitioner has apparently done that here and asked for an abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Further, Petitioner may assert that he did not previously raise this claim in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419 n.4 & 5. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order, which he has already done. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be

4

vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. ORDER

IT IS ORDERED that the habeas petition is STAYED. Petitioner shall present his claims in state court within **sixty days** from the date of this ORDER, and he shall file a motion to lift the stay and an amended petition in this court within **sixty days** after the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the court may order the Clerk to reopen this case for statistical purposes.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 25, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2010, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522