**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MYRON WATKINS,

    Petitioner,

v.                                              Case No. 10-12025

GREG MCQUIGGIN,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO LIFT STAY, (2) GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, (3) ORDERING THAT THE AMENDED PETITION BE SERVED UPON RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (4) DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS**

Petitioner Myron Watkins, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, through his counsel, Michael Skinner. Petitioner challenges his convictions of four counts of first-degree criminal sexual conduct[1] and four counts of second-degree criminal sexual conduct.[2] On May 25, 2010, this court entered an opinion and order granting Petitioner's motion to hold his habeas petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in order to exhaust an additional claim that he had failed to raise in the state courts prior to filing his habeas petition. The court also administratively closed the case. *See Watkins v. McQuiggin,* No. 10-12025, 2010 WL 2105118 (E.D. Mich. May 25, 2010).

---

[1] Mich. Comp. Laws § 750.520b; Mich. Stat. Ann. § 28.788(2).

[2] Mich. Comp. Laws § 750.520c; Mich. Stat. Ann. § 28.788(3).

Petitioner has now filed a motion to lift the stay and to reinstate the petition for writ of habeas corpus action. Petitioner has also filed an amended petition for writ of habeas corpus, which this court construes as a motion to amend the habeas petition.

Federal courts have the power to order the reinstatement of a habeas petition upon timely request by a habeas petitioner following the exhaustion of state court remedies. *See, e.g.*, *Pillette v. Berghuis,* 630 F. Supp. 2d 791, 795 (E.D. Mich. 2009); *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because Petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the court orders the original habeas petition action to be reopened.

The court also grants Petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R. Civ. P. 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

The court permits Petitioner to amend his petition because there is no indication that allowing the amendment would cause any delay to this court, no evidence of bad faith on Petitioner's part in bringing the motion to amend, and no prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994). Additionally, because Petitioner has filed this motion to amend the petition before the court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The court further orders the Clerk of the Court to serve a copy of the amended habeas petition and a copy of this order on Respondent and on the Attorney General for the State of Michigan by first-class mail as provided in Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry,* No. 04-71209, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005).

The court also orders Respondent to file an answer to the amended habeas petition within one hundred eighty days of the court's order. This court has discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to Petitioner's habeas petition. 28 U.S.C. § 2243; *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001).

The court also orders Respondent to provide the Rule 5 materials to this court at the time that it files its answer. The habeas corpus rules require a respondent to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon a petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rule 5, Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Finally, the court orders Petitioner to file a reply within forty-five days of the receipt of Respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* No. 04-73293, 2005 WL 1838443, at *4 (E.D. Mich. Aug. 1, 2005).

Based on the foregoing, IT IS ORDERED that the "Motion to Lift Stay" [Dkt. # 3] is GRANTED. The Clerk of the Court is DIRECTED to reopen this case.

IT IS FURTHER ORDERED that the motion to amend the petition for writ of habeas corpus [Dkt. # 4] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus [Dkt. # 4] and a copy of this order on Respondent and the Attorney General by first-class mail.

IT IS FURTHER ORDERED that Respondent shall file an answer and the Rule 5 materials within **one hundred eighty (180) days** of the date of this order or show cause why he is unable to comply with the order.

Finally, IT IS ORDERED that Petitioner shall have **forty-five days** from the date that he receives the answer to file a reply brief.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: October 25, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2010, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522